UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BINGLEY FRYAR,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:21-cv-00918-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 23) |

Pending before the Court is the parties' stipulated motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 23).  The parties agree to an award of attorney's fees to counsel for Plaintiff Charles Bingley Fryar ("Plaintiff"), Melissa Newel, in the amount of $10,618.20 pursuant to the EAJA, 28 U.S.C. § 2412(d).  *Id*.

On September 25, 2023, the Court issued an order remanding this action for further proceedings under sentence four 42 U.S.C. § 405(g).  (Doc. 21).  The Court found the ALJ failed to provide clear and convincing reasons to discredit Plaintiff's pre-surgery statements.  *Id*. at 22-23.  The Court determined a remand was warranted for the ALJ to determine whether Plaintiff was disabled for a closed period beginning September 1, 2017.  *Id*. at 23.  Thereafter, judgment was entered the same day.  (Doc. 22).  On December 13, 2023, Plaintiff filed the pending stipulated motion for attorney fees.  (Doc. 23).

Plaintiff requests an award of attorney fees as the prevailing party. *Id*.; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner has not opposed the requested relief. (Doc. 23).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the Court found the government's position was not substantially justified and a remand was warranted for the ALJ to determine whether Plaintiff was disabled for a closed period beginning September 1, 2017. (Doc. 21). The Court finds there are no special circumstances that would make an award unjust.

Plaintiff requests an award of $10,618.20 in EAJA fees. (Doc. 23). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly rate in 2022 ($234.95),[1] the requested award would amount to approximately 45 hours of attorney time (not accounting for any paralegal time expended). The Court has reviewed the docket and finds this amount reasonable and commensurate with the number of hours an attorney reasonably would need to have spent working on this case. Specifically, counsel for Plaintiff reviewed a voluminous certified administrative record in this case (1,039 pages), prepared a motion for summary judgment raising two issues for review, reviewed and researched Defendant's opposition, and prepared and filed a reply brief. (Docs. 10, 17-19). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 21-22).

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited December 14, 2023).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees and expenses pursuant to the EAJA (Doc. 18) is GRANTED;

2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $10,618.20. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Melissa Newel in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:   **December 15, 2023**           _____
                                          UNITED STATES MAGISTRATE JUDGE